RECEIVED IN
The Court of Appeals
Sixth District

AUG 15 2016

Texarkana, Texas
Debra Autrey, Clerk

In the Court of Appeals
6th District of Texas
at Texarkana

FILED IN
The Court of Appeals
Sixth District

AUG 1 5 2016

Texarkana, Texas
Debra K. Autrey, Clerk

No. 06-16-00120-CR

Eric Carson Wynn
Appellant

v.

The State of Texas

On Appeal from the 124th Judicial
District Court Gregg County Texas
Trial Court No. 27805-B

## Back Ground

Appellant "wynn" upon learning of the errors in the FBI developed Population database that is used to calculate a match statistic in dna analysis, filed a subsequent Motion for Recalculation of his June 28 2000 report L10-101967 from the Texas Department of Public Safety Crime lab Garland.

The evidence used to support the Motion for Recalculation was two letters by Assistant Deputy Director of the Texas Department of Public Safety dated June 30 2015 and September 10 2015. The June 30 2015 letter by Mills says;

> The Texas Department of Public Safety Crime Laboratory system was informed by the Federal Bureau of Investigation in May 2015 of errors in the FBi developed Population database.

Trial Court denied Motion for re-calculation.

Issue one    Trial Court abused its discretion in refusing To Permit re-calculation of June 28 2000 dna report when being shown evidence from the lab, that report was false.

## Analysis

The denial of a request for Post conviction Dna testing is reviewed under a bifuracted standard. (Rivera v. State 89 S.W. 3d 55, 59 Tex. Crim. App. 2002) This de novo review usually includes the ultimate issue in Post-Conviction Dna testing cases, whether a reasonable Probability exists that exculPatory Dna tests Prove innocence.

Chapter 64 of the Texas Code of Criminal Procedure Prescribes how a Convicted Person may obtain an order for Post Conviction Dna testing. Such testing is Permitted when the evidence still exists in a Condition Conducive to Dna testing, the evidence has been subjected to a reliable chain of custody and identity was or is an issue in the Case.

Wynn asks the court to take Judical notice on Page 8 of appeal in No. 06-10-00226-CR the court did determine "There is no dispute these requirements are satisfied."

Additional Dna testing Can be Conducted only if the biological material in Possession of the State can be subjected to testing with newer testing techniques that

Provide a reasonable likelihood of results that are more acc- urate and Probative than the results of the 2000 test. (ATT. 64.01(b)(2). In addition to that requirement the convicted Person must establish by a PrePonderance of the evidence that a reasonable likelihood exists that he " would not have been convicted if exculPatory results had been obtained through Dna testing." (ATT.64.03(a)(1)(A)(i), (2)(A)

Wynn asks the Court to take Judical notice in Finding oF Fact 7;

> Wynn has not Provided any credible evidence to suPPort his contention that the Prior rePort oF Garland DPs laboratory should be subjected to further review.

Wynn Provided evidence to the trial Court showing credible evidence that the Prior rePort oF Garland DPs should be subjected to further review. (see Brady mills June 30 2015 letter) In this letter in June 2015 it was admitted that the FBi who develoPed the database uPon which the statistic was Calculated was false based uPon Known errors in the database. The FBi database was the first issue.

When the Corrected data was recieved by the T.O.P.S. and was being implemented another unrelated issue was dis- Covered in dna mixture Analysis Cases. a dna mixture Consists of more than one Profile existing on a Piece of

evidence such as a vaginal swab from a sexual assault evidence collect kit where a male and female profile are present.

To describe the material value of the calculated statistic, Mills in his September 16 2015 letter wrote;

> "The reported statistic provides a probability that an unrelated individual in a population is a contributor... [a] probability is cal-culated to assist the trier of fact in understanding the strength or weight of the inclusionary statement."

The trial court erred in not permitting a recalculation of June 28 report because of ignoring the 1st issue of errors in the FBI developed database upon which his statis-tic was calculated. Since the Garland Lab determined that CPI was not used in his analysis, even though a dna mixture case, being a sexual assault, the decison was made to not seek recalculation. Just because CPI was not used in June 28 2010, report, does not negate the evidence from T.D.P.S that the report contained errors in its analysis which taints the entire report as false. The errors is in statistic impact the inclusionary statement. In other words, a wrong statistic does imply an inclusion when in fact the analysis is an exclusion.

4

Wynn would show that Jack Ready the Galveston County District attorney asked the CPS to retest a dna sample for a pending murder case using the new standard. The original test had said there was a one in a 1,4 billion chance that someone other than the defendant had contributed to the dna mix. The new result showed the figure was 1 in 38.

In Brady Mills September 10 2015 letter he admits;

"It is expected that with these new interpretation Guidelines a Given sample will have lower '1 in' numbers that translate to more conservative statistic."

This applies To the Corrected data that was implemented to correct the data in the calculated statistic, as well as those dna mixture cases. Mills letters meets the requirement in art. 64.01 (b)(7).

a recalculation would not "muddy the waters" but Prove to be exculpatory. (Art. 64.03 (a)(1)(A)(i), (2)(A) Wynn would not have Plead Guilty had he Known the results were false. The only evidence that exists in this case is the dna of the child, the alleged victim claimed was the outcome of the assault, belongs to him. That evidence which shows him to not be the Father, is not about attacking the credability of alleged victim, but is exculpatory. The alleged victim testified that the child could belong to no one other than the individual who

6

actually did assault her. Wynn asks the Court to take Judical notice of the Police report where the alleged victim described her attacker as stocky, wearing a white hat and having a Goate. Wynn is not stocky, was not found wearing, nor in Possession of a white hat, nor had any facial hair. The alleged victim described someone who did not fit the actual description. Having been known to the victim by a introduction that night, does not imply her identification was correct. Wynn would show and asks the Court to take Judical notice the analysis on the June 28 2000 report does not show any dna from the alleged victim being on the clothing or Person of Wynn. Wynn also asks the Court to take Judical notice that in the Police notes alleged victim claims to have forced suspect off of her and ran crying back into the establishment. State witness Chris Rossen, while showing Wynn and alleged victim talking, does not describe any such event, as alleged victim, but said nothing looked wrong.

Conclusion

Trial Court abused its discretion in denying motion for recalculation when being presented with evidence that the June 28 2000 was in fact false.

Prayer

Wynn Prays this court Grant relief in this appeal and order recalculation of the statistics on the June 28 2000 report and any relief this court determines is applicable through a remand To trial court.

Respectfully submitted

Aug. 9 2016

Eric Wynn 938929
Telford Unit
3899 St. Hwy 98
New Boston Tx 75570


appellant Eric Carson Wynn declares under the Penalty of Perbury that the aforegoing information is true and correct to the best of my knowledge.

Aug 9 2016

ERIC WYNN

7